**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS A. QUINONES, <br><br> Plaintiff, <br><br> v. <br><br> AARC, LLC d/b/a ADVANCE AMERICA, <br><br> Defendant. | Case No. 5:20-cv-01012 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.** <br><br> **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.** <br><br> **JURY TRIAL DEMANDED** |

**NOW COMES** LUIS A. QUINONES, through undersigned counsel, complaining of Defendants, AARC, LLC d/b/a ADVANCE AMERICA, as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*.; and the Rosenthal Fair Debt Collection Practices Act (the "RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. LUIS A. QUINONES ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Perris, California.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.2(h).

8. AARC, LLC d/b/a ADVANCE AMERICA, ("Advance America") is a limited liability company organized and existing under the laws of Delaware.

9. Advance America has its principal place of business at 135 North Church Street, Spartanburg, South Carolina 29306.

10. Advance America is a "person" as defined by 47 U.S.C. § 153(39).

11. Advance America is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## FACUTAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 0206.

13. At all times relevant, Plaintiff's number ending in 0206 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

15. In September last year, Plaintiff obtained an online cash advance from Advance America.

16. Under the loan agreement, Plaintiff agreed to repay the principal balance plus interest.

17. Plaintiff suffered financial hardship resulting in Plaintiff's failure to pay back the loan.

18. Plaintiff's unpaid loan balance is a "consumer debt" as defined by Cal. Civ. Code §1788.2(f).

19. In October, Plaintiff started to receive collection phone calls from Advance America.

20. Almost immediately, Plaintiff answered and informed Advance America that he is unable to pay the loan back.

21. Notwithstanding, Advance America proceeded to place at least 50 collection calls to Plaintiff between October and December.

22. *Having had enough*, in December, Plaintiff started to answer Advance America's phone calls again.

23. Each time Plaintiff answered, Plaintiff was met with "dead air" prior to being connected to an agent.

24. Once connected, Plaintiff told Advance America "[s]top calling."

25. In spite of Plaintiff's requests, Advance America continued to place calls to Plaintiff.

26. Ultimately, Plaintiff decided to retain bankruptcy counsel.

27. Plaintiff immediately informed Advance America that he will be filing Chapter 7 bankruptcy.

28. Plaintiff provided Advance America with contact information for his bankruptcy attorneys then renewed his request that they stop calling.

29. Advance America's agent informed Plaintiff that they will continue to place calls until they have Plaintiff's bankruptcy case information.

30. In spite of Plaintiff's pleas, Plaintiff continues to receive phone calls from numbers leading back to Advance America – including, (232) 210-1461; (424) 465-2037; (424) 465-2063; (916) 897-5033; (916) 897-5034; and (923) 470-4478.

31. Altogether, Advance America placed (or caused to be placed) no less than 100 unwanted, unconsented-to phone calls to Plaintiff in spite of Plaintiff's multiple request(s) that they stop.

## DAMAGES

32. Advance America's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

33. Concerned with having had his rights violated, Plaintiff was forced to retain counsel and incur attorney's fees to vindicate his rights.

34. Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys to put an end to Advance America's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq.*)**

35. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

36. Advance America placed or caused to be placed no less than 100 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

37. The TCPA defines an ATDS as equipment which has the *capacity* – (A) to store or produce numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. 47 U.S.C. § 227(a)(1).

38. Upon information and belief, based on the "dead air" Plaintiff noticed, Advance America employed an ATDS to place calls to Plaintiff's cellular telephone.

39. Upon information and belief, the ATDS employed by Advance America transfers the call to an agent once a human voice is detected, hence the "dead air".

40. Upon information and belief, the ATDS employed by Advance America has the capacity – (A) to store numbers to be called; and (B) to dial such numbers. *See Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018) ("the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator' but also includes devices with the capacity to dial stored numbers automatically.").

41. As plead above, Plaintiff revoked consent to be called on Plaintiff's cellular telephone on multiple occasions on phone calls he answered.

42. As plead above, Plaintiff was severely harmed by Advance America's collection calls to Plaintiff's cellular telephone.

43. Upon information and belief, Advance America has no system in place to document whether they have consent to contact consumers on their cellular telephones.

44. Upon information and belief, Advance America has no policies and procedures in place to honor consumers' requests that collection calls cease.

45. Upon information and belief, Advance America knew that their collection practices were in violation of the TCPA, yet continued to employ them in order to maximize efficiency and profits.

5

46. As a result of Advance America's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

47. As a result of Advance America's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Advance America violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

### COUNT II:
### Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq.*)

48. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Cal. Civ. Code § 1788.11

49. California Civil Code § 1788.11 provides:

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

(d) Causing a telephone to ring repeatedly or continuously to annoy the person called; or

(e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute harassment to the debt under the circumstances.

Cal. Civ. Code §§ 1788.11(d) and (e).

50. Advance America violated Cal. Civ. Code §§ 1788.11(d) and (e) by continuing to place calls to Plaintiff in spite of Plaintiff's multiple requests that they stop calling.

6

51. Plaintiff may enforce the provisions of Cal. Civ. Code §§ 1788.11(d) and (e) pursuant to Cal. Civ. Code § 1788.30 which provides:

(a) Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation;

(b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).

(c) In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Advance America violated Cal. Civ. Code §§ 1788.11(d) and (e);

B. an award of any actual damages sustained by Plaintiff as a result of Advance America's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demands a trial by jury of any and all issues in this action so triable of right.

DATED: May 12, 2020

Respectfully submitted,

**LUIS A. QUINONES**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
WAJDA LAW GROUP, APC
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com